```
UNITED STATES DISTRICT COURT
    DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| UNITED STATES : | |
|     Plaintiff : | Criminal Action No. |
| v. : | 3:00-cr-44 (JCH) |
| : | |
| GEORGE CUNNINGHAM : | |
|     Defendant : | OCTOBER 26, 2007 |

### **RULING RE: MOTIONS FOR RECONSIDERATION (Doc. Nos. 650, 651)**

On April 12, 2001, defendant George Cunningham pled guilty to one count of using a communications facility in connection with a narcotics offense. See 21 U.S.C. § 843(b). The court sentenced Cunningham to four years probation, and it imposed a fine of $2,000. One of the conditions of probation was that Cunningham pay his $2,000 fine at a rate of $100 per month.

On November 2, 2006,[1] the Probation Office petitioned this court to revoke Cunningham's probation on the grounds that his fine had not been paid as ordered – the outstanding balance was then $1100. The court agreed that Cunningham was in violation, and it extended the probation term to November 2, 2007. As part of its order extending probation, the court imposed a term requiring Cunningham to pay $100 a month, starting December 1, 2006, until his fine was paid off.

On October 1, 2007, the Probation Office brought a second petition to revoke Cunningham's probation. The Probation Officer alleged that Cunningham still had $900 outstanding on his fine because he had made only two of the required monthly payments. The Officer also alleged that over the past 10 months Cunningham had not

---

[1] Because Cunningham was incarcerated on a state charge for a year, his original sentence of probation did not expire until November 3, 2006.

1

shown up for most of his required monthly appearances at the Probation Office. The court held a hearing on the petition on October 15, 2007. The court concluded that Cunningham was in violation of both conditions as alleged, and it orally announced that it would revoke Cunningham's probation and sentence him to four months imprisonment.

Two days later, on October 17, 2007, Cunningham filed a Motion to Reconsider. [Doc. No. 650]. In his Motion, he pointed out that on October 16, 2007, he had paid the remaining $900 outstanding on his fine. He thus asked the court to reconsider its sentence of incarceration. The government, and the Probation Office, do not oppose the Motion.

While the court is not unwilling to reconsider Cunningham's sentence, it is unaware of any legal authority that would permit it to do so. Rule 35(a) permits a court to correct sentences in certain circumstances, but only if the sentence "resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). A "change of heart as to the appropriateness of the sentence" is not within the scope of this Rule. United States v. Abreu-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995).[2] Nor is there a clerical error that could be corrected within the scope of Rule 36. See United States v. DeMartino, 112 F.3d 75, 79 (2d Cir. 1997) ("Rule 36 . . . does not authorize the court to amend the

---

[2] The 1991 Advisory Committee Notes also indicate that Rule 35 specifically does not include the authority to change a sentence based on information that is revealed post-sentencing. See Fed. R. Crim. P. 35 advisory committee's note (1991) ("[T]he Committee did not intend that the rule relax any requirement that the parties state all objections at or before the sentencing hearing. . . . The Committee considered, but rejected, a proposal . . . to permit modification of a sentence . . . based upon new factual information not known to the defendant at the time of sentencing.").

oral sentence itself or to modify the written judgment to effectuate an intention that the court did not express in its oral sentence.").

Cunningham has also filed a second Motion for Reconsideration [Doc. No. 651]. He asks that the judgment be amended to reflect the fact that he has now paid the balance on his fine. But this kind of change is still not within the scope of Rule 35 or 36. In any event, such a modification to the judgment would do nothing to affect the portions of the judgment that require Cunningham to report to prison.

The defendant's Motions [Doc. Nos. 650, 651] are **DENIED**. The defendant is to surrender by noon on November 1, 2007, as previously ordered.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 26th of October, 2007.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge